UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPSILIUM LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 17-cv-07179-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 77, 91 |

Pending before the Court are the parties' administrative motions to file under seal portions of documents in connection with Plaintiff's motion for leave to file amended infringement contentions. The Court **GRANTS** the motions to file under seal.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1 vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2 scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.
3 Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4 may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5 without more, compel the court to seal its records." *Id.*

6       Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking
7 to file under seal must submit "a request that establishes that the document, or portions thereof, are
8 privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The
9 request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-
10 5(b). Courts have found that "confidential business information" in the form of "license
11 agreements, financial terms, details of confidential licensing negotiations, and business strategies"
12 satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-
13 MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information
14 "prevent[ed] competitors from gaining insight into the parties' business model and strategy");
15 *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal.
16 June 30, 2015).

17       Records attached to nondispositive motions must meet the lower "good cause" standard of
18 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
19 tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This
20 requires a "particularized showing" that "specific prejudice or harm will result" if the information
21 is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
22 Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific
23 examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
24 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

25 **II. DISCUSSION**

26       Because the parties seek to seal portions of their briefs and documents which pertain to a
27 nondispositive motion, the Court applies the good cause standard.
28       The parties have satisfied the standards for sealing because the unredacted information

1 contains confidential business and proprietary information relating to the operations of the parties. 2 *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. 3 Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 4 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 5 WL 6901744 (N.D. Cal. Dec. 8, 2014). The parties filed supporting declarations representing that 6 the identified portions of the unredacted versions of motions and exhibits contain confidential 7 product information, trade secrets, and detailed source code. *See, e.g.*, Dkt. No. 85.

The Court did not rely on any of the documents that are the subject of the parties' administrative motions to seal. The parties executed a settlement agreement, and the pending motion for leave to file amended infringement contentions was terminated as moot. *See* Dkt. No. 100. Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal given that the Court will not rule on Plaintiff's motion. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). Accordingly, because the documents divulge proprietary and confidential information unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there is good cause to file the documents under seal. *See Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling reason to seal because the sealing request divulges sensitive information no longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the matter are compelling reasons to seal the exhibit).

//
//
//
//

3

### III. CONCLUSION

The Court **GRANTS** the parties' administrative motions to file under seal. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 3/16/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge